UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DOICE HILL,

                Plaintiff,

         -against-                                    04 Civ. 8834 (CM)

MARY GUNN, MERECDES CARMONA,
FRITZ OHLOFF, SANDRA BROWN, "JANE
DOE," THE COUNTY OF DUTCHESS and
THE DUTCHESS COUNTY BOARD OF
ELECTIONS,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND DECISION
GRANTING DEFENDANTS' MOTION TO DISMISS**

McMahon, J.:

      Plaintiff Doice Hill sued defendants for violating her civil rights under 42 U.S.C. § 1983 stemming from a dispute that arose out of a voting machine malfunction. Specifically she alleges a deprivation of "her constitutionally protected right to vote" and "right to due process of law" pursuant to the Nineteenth, Twenty-Sixth and Fourteenth Amendments, as well as unspecified New York State statutes and laws. Defendants have moved to dismiss plaintiff's claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below defendants' motion is GRANTED.

**Facts**

      On or about November 6, 2001 (Election Day), plaintiff, a registered voter residing in the City of Beacon, New York, went to her local polling place – the VFW Hall at Main Street and Teller Avenue – at around 3:30 p.m. to vote. (Cplt. ¶¶ 16-17.) After signing the roll of voters, plaintiff entered the polling machine, but, as she attempted to cast her vote, she "was prevented

from doing so by a malfunction of the polling machine, which jammed and would not permit the use of the levers next too [sic] the names of the respective candidates." (Cplt. ¶¶ 18-19.)

Plaintiff then requested assistance from the individual defendants – workers for the Dutchess Board of Electors. First, Mercedes Carmona entered the voting machine booth, but after stating that she did not know what was wrong, she left the polling machine to get help. (Cplt. ¶¶ 20-21.) Next, the other workers entered the machine, and "the polling machine finally unjammed and the curtain opened." (Cplt.¶ 23.) One of the polling workers, and not plaintiff, was the person who caused the polling machine to unjam and the curtain of the polling machine to open. (Cplt. ¶¶ 24-25.)

After the curtain opened, plaintiff told the defendants that she "had not been able to vote and requested of the defendants that she be given the opportunity to cast her vote." (Cplt. ¶ 26.) Plaintiff "was told in words or in substance, that 'once the curtain opens up, that's it, you cannot vote again.'" (Cplt. ¶ 27.) Plaintiff repeatedly stated that she did not have the opportunity to vote, but defendants refused to allow her to vote again and ordered her to leave the polling place. (Cplt. ¶ 28.) Finally, Mary Gunn held plaintiff "by the arm and escorted her out of the polling place, stating that there was nothing that could be done." (Cplt. ¶ 29.)

Plaintiff alleges that this conduct violated "her constitutionally protected right to vote" and "right to due process of law" as well as unspecified state created rights. (Cplt. ¶¶ 35, 37.) She seeks $1.5 million in compensatory damages plus a punative award. (Cplt. ¶ 41.)

**Standards**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. On a motion to dismiss, the

court must accept as true all of the well-pleaded factual allegations contained in the complaint. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L. Ed. 2d 1 (2002) (citing Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)). Furthermore, the Court is required to read a complaint generously, drawing all reasonable inferences from the complaint's allegations. California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 515, 92 S.Ct. 609, 30 L. Ed. 2d 642 (1972).While the court must accept material allegations in a complaint as true, however, the court need not accept conclusory allegations. Nechis v. Oxford Health Plans, Inc., 328 F.Supp.2d 469, 475 (S.D.N.Y. 2004)(citing Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir.1995)). The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2d Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957)).

**Discussion**

The Complaint states § 1983 claims for the violation of plaintiff's rights under the Fourteenth, Nineteenth, and Twenty-Sixth Amendments. (Cplt.¶ 37). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004) (internal quotation omitted); see also Micalizzi v. Ciamarra, 206 F.Supp.2d 564, 579 (S.D.N.Y. 2002) (citing Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870-71, 104 L. Ed. 2d 443 (1989) ("When a § 1983 claim is asserted, a court must identify the specific constitutional

3

violation alleged in order to ascertain the proper standard against which to judge the validity of the claim.")). Plaintiff also alleges violations under unspecified New York State statutes and laws, presumably under pendant jurisdiction.

*Fourteenth Amendment: Violation of Due Process*

The Court of Appeals recently reaffirmed that, in the Second Circuit, in the absence of intentional conduct by state actors, election irregularities – such as voting machine malfunctions – do not constitute constitutional violations of due process under § 1983. See Shannon v. Jacobowitz, 394 F.3d 90, 94-96 (2d Cir. 2005) (holding that voting machine malfunctions absent an allegation of intentional conduct by a government or its officials cannot constitute a due process violation). The Second Circuit specifically held that "[a] voting machine malfunction is the paradigmatic example of a 'garden variety' election dispute," (Shannon, 394 F.3d at 96 (citing Griffin v. Burns, 570 F.2d 1065, 1076 (1st Cir. 1978))), and that such garden variety election irregularities do not violate the Due Process Clause. Id.

Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss asserts that "this is not just your basic, garden variety voting machine malfunction case" because "the complaint alleges the defendants' intentional conduct in refusing to permit her to cast her ballot." Id. at 2 (citing Cplt. ¶¶ 26-27). Specifically, plaintiff cites the fact that because the defendants entered the voting booth, "they verified (or had opportunity to verify) that fact that the plaintiff had cast no ballot (none of the levers had been moved)." Id. Plaintiff's argument in a nutshell is that the election workers knew or should have known that because plaintiff's polling machine malfunctioned, she was unable to cast her vote and they therefore should have given her an additional opportunity to recast her vote. And that by "intentionally" refusing to allow her to

recast her vote – telling her "in words or in substance, that 'once the curtain opens up, that's it, you cannot vote again'" (Cplt. ¶ 27) – the election workers deprived her of her right to vote in violation of the due process clause.

It is well settled in the Second Circuit that "more than negligent conduct by the state actor is needed in order for a cognizable § 1983 claim to exist based on violations of the due process clause." Gold v. Feinberg, 101 F.3d 796, 800 (2d Cir. 1996); see also Shannon, *supra*, 394 F.3d at 95. Neither negligence nor incompetence on the part of election officials can support a federal claim absent purposeful, willful conduct. Gold, 101 F.3d at 800-01. In Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986), the Supreme Court concluded "that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." Id. The Court reasoned that "[t]o hold that injury caused by such [negligent] conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." Id. at 332.

Nowhere in the Complaint does plaintiff allege that local officials acted to purposefully or willfully cause a deprivation of her rights. Plaintiff simply states that after the voting machine was unjammed and the curtain opened, she was "intentionally" not allowed to vote, or attempt to vote, again. Such a conclusory allegation, with nothing more, is insufficient to survive this motion to dismiss. See, e.g., Hirsch, *supra*, 72 F.3d at 1092 (citing In re American Express Co. Shareholder Litig. (Lewis v. Robinson), 39 F.3d 395, 400-01 n. 3 (2d Cir. 1994) ("[C]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss.")). There is no allegation that any statement or action

5

was taken relating to plaintiff's gender, race, age, or otherwise, or that the polling workers purposefully or willfully caused a deprivation of her rights.

That defendants' conduct in refusing plaintiff's request to cast another ballot (after her voting machine malfunctioned) was intentional does not alone give rise to the purposeful or willful conduct required to support plaintiff's § 1983 claim. See, e.g., Gold, *supra*, 101 F.3d at 800-01; Daniels, *supra*, 474 U.S. at 328. Rather, the Second Circuit and the Supreme Court have both held that such alleged negligence or incompetence on the part of election officials, which causes the unintended loss of or injury to life, liberty, or property, does not violate the Due Process Clause. Id. In other words, it is not enough to merely allege an intent to act; a plaintiff must allege conduct intended to deprive a constitutionally guaranteed right. The Complaint is devoid of any such allegation.

In Powell v. Power, 436 F.2d 84 (2d Cir. 1970), six voters in a Congressional primary sought a federal remedy for errors committed by state election officials in permitting a number of individuals to cast ballots who, under state law, were not qualified to vote. Id. at 85-86. The plaintiffs brought suit under 42 U.S.C. § 1983, invoking, *inter alia,* the Due Process Clause of the Fourteenth Amendment. The Court found that "the due process clause and article I, section 2 offer no guarantee against errors in the administration of an election." Id. at 88.

Therefore, to the extent that plaintiff's § 1983 claim is based on a deprivation of her Fourteenth Amendment right to due process, it is dismissed.

*Nineteenth and Twenty-Sixth Amendments: Violation of Right to Vote*

The Nineteenth Amendment bans discrimination in voting "on account of sex." U.S. Const. amend. XIX. The Complaint does not allege that anyone acted with gender bias. Rather

6

it alleges that a voting machine malfunctioned and that election officials refused to allow plaintiff to recast her vote. Because the Complaint contains no factual allegations that could support a claim that plaintiff was denied the opportunity to vote due to her gender, her Nineteenth Amendment claim is dismissed.

A similar fate befalls plaintiff's claim under the Twenty-Sixth Amendment, which extended the right to vote to United States citizens eighteen years old and older. Const. amend. XXVI. This amendment guarantees plaintiff – who, as a registered voter, is at least eighteen years old – the right to vote. However, the Complaint alleges that plaintiff was deprived of her right to vote on the basis of the voting machine malfunction and subsequent refusal by the election officials to let her cast another ballot, not because of her age. See, e.g., Auerbach v. Kinley, 499 F. Supp. 1329, 1339 (N.D.N.Y 1980) (citing Ramey v. Rockefeller, 348 F.Supp. 780, 790-91 n. 7 (E.D.N.Y. 1972) (three-judge court). Therefore, on the basis that plaintiff asserts that she was denied the right to vote – because of the voting machine malfunction and election workers refusal to allow plaintiff to re-vote – the proper analysis of this alleged deprivation is under the Fourteenth Amendment as discussed above. And, for the reasons articulated in that section, plaintiff has failed to allege facts that could support a cause of action for violations of her right to vote under § 1983.

*State Law Claims*

Because I dismiss Plaintiff's federal constitutional and statutory claims, I need not reach Plaintiff's state law claims – whatever they may be. See 28 U.S.C. 1367(c)(3); see also Castellano v. Board of Trustees, et al., 937 F.2d 752, 758 (2d Cir. 1991) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims

7

Castellano v. Board of Trustees, et al., 937 F.2d 752, 758 (2d Cir. 1991) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"). For this reason, plaintiff's state law claims are dismissed without prejudice.

For the reasons stated above, defendants' motion to dismiss plaintiff's claim is GRANTED in its entirety.

This constitutes the decision and order of the Court. The Clerk of the Court is instructed to close this case.

Dated: April 19, 2005

_____
U.S.D.J.